YOSHIMOTO LAW GROUP
A Limited Liability Law Company

NATHAN H. YOSHIMOTO #6352-0
nyoshimoto@hi-lawyers.com
WESLEY D. SHIMAZU #6119-0
wshimazu@hi-lawyers.com
ALLAN S. CHING #11693-0
aching@hi-lawyers.com
201 Merchant Street Suite 2440
Honolulu, Hawaiʻi 96813
Telephone: (808) 695-4500

Attorneys for Defendant/Counterclaimant
HYUNDAI MARINE & FIRE
INSURANCE CO., LTD. (U.S. BRANCH)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID ESCOBAR and LINDA ESCOBAR,<br><br>Plaintiffs,<br><br>vs.<br><br>HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH),<br><br>Defendant. | Case 1:25-cv-00479<br><br>DEFENDANT HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH)'S ANSWER TO COMPLAINT FILED JULY 22, 2025; DEFENDANT/ COUNTERCLAIMANT HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH)'S COUNTERCLAIM FOR DECLARATORY RELIEF; CERTIFICATE OF SERVICE |

**DEFENDANT HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH)'S ANSWER TO COMPLAINT FILED JULY 22, 2025**

Defendant HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH) ("**Defendant**" or "**Hyundai**") hereby files its Answer to the Complaint, filed July 22, 2025 ("**Complaint**") by Plaintiffs DAVID ESCOBAR and LINDA ESCOBAR ("**Plaintiffs**") as follows:

**FIRST DEFENSE**

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 12, 15, 17, 18 and 19 of the Complaint and on that basis denies the same.

3. Defendant denies the allegations in paragraphs 2, 10, 11, 13, 14, 20, 21, 22, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35 and 36.

4. In response to the allegations contained in paragraphs 16, 23 and 30 of the Complaint, Defendant repeats and incorporates by reference the responses set forth herein.

5. All allegations not specifically admitted hereinabove are denied.

**THIRD DEFENSE**

6. Service and/or service of process upon Defendant was improper and untimely.

**FOURTH DEFENSE**

7. Defendant intends to rely on the defense of contributory and/or comparative negligence.

**FIFTH DEFENSE**

8. Plaintiffs' alleged injuries and/or damages were caused in whole or in part by Plaintiffs own negligence, thereby reducing and/or barring recover by Plaintiffs in accordance with HRS § 663-31.

**SIXTH DEFENSE**

9. Plaintiffs' claims are barred to the extent that the alleged losses and/or damage occurred in whole or in part outside of the policy period of the applicable insurance policy.

**SEVENTH DEFENSE**

10. The alleged loss or claim does not fall within the scope of coverage provided by the applicable insurance policy.

**EIGHTH DEFENSE**

11. The alleged loss or claim falls within the scope of one or more exclusions in the applicable insurance policy.

**NINTH DEFENSE**

12. Plaintiffs' claims are barred in whole or in part by the terms of the applicable policy.

**TENTH DEFENSE**

13. Any duty and/or obligation that Defendant may have under the applicable insurance policy is limited by the applicable limits of coverage, the terms of policy, the exclusions of the policy, and any other provision limiting the extent of coverage, and such duty and/or obligation ceased upon the exhaustion of the applicable limits.

**ELEVENTH DEFENSE**

14. Plaintiffs breached and/or failed to comply with all the terms and conditions of the applicable insurance policy, including but not limited to the obligations to cooperate, provide notice, provide information and documents, submit to an examination under oath, and cooperate in Plaintiff's investigation.

**TWELFTH DEFENSE**

15. Plaintiffs' claims are barred to the extent that they lack, at the time of the alleged loss, an insurable interest in the property covered by of the applicable insurance policy.

## THIRTEENTH DEFENSE

16. To the extent that Plaintiffs, or someone acting on their behalf, concealed, misrepresented or failed to disclose material facts in their application for the applicable insurance policy, or in the negotiations therefor, or for the purpose of inducing Defendant to issue the applicable insurance policy, the applicable insurance policy is void and/or voidable and any claims for coverage under the applicable insurance policy are barred.

## FOURTEENTH DEFENSE

17. Plaintiffs' recovery is prevented and/or barred, and the applicable insurance policy is void, voidable and/or rescinded, pursuant to HRS § 431:10-209.

## FIFTEENTH DEFENSE

18. Coverage under the applicable insurance policy is barred in whole or in part by the terms, conditions, exclusions and limitations contained or incorporated into such policy, including all endorsements and/or riders.

## SIXTEENTH DEFENSE

19. Defendant relies on the defense that to the extent that Plaintiffs' claims are for damages covered under the applicable insurance policy, such claims may be subject to an appraisal and/or arbitration process required under the terms of the applicable insurance policy.

**SEVENTEENTH DEFENSE**

20. Defendant complied with any applicable requirements of good faith and fair dealing.

**EIGHTEENTH DEFENSE**

21. Defendant intends to rely on the defense that Plaintiff's claims are barred by the waiver of liability, limitation of liability, exculpatory and other clauses, terms and conditions of the contractual agreements between Plaintiffs and Defendant.

**NINETEENTH DEFENSE**

22. Defendant intends to rely on the defense that it substantially performed all of its contractual obligations.

**TWENTIETH DEFENSE**

23. Defendant intends to rely on the defense that Plaintiffs' claims against Defendant are barred by the economic loss doctrine.

**TWENTY-FIRST DEFENSE**

24. Plaintiffs' recovery in this action, if any, should be reduced in accordance with the Uniform Contribution Among Joint Tortfeasors Act as set forth in Hawaii Revised Statutes, Chapter 663, Part II, as amended.

**TWENTY-SECOND DEFENSE**

25. Plaintiffs' claims against Defendant are barred by the defenses of waiver, estoppel, laches and unclean hands.

**TWENTY-THIRD DEFENSE**

26. Defendant intends to rely on the defense of statute of frauds.

**TWENTY-FOURTH DEFENSE**

27. Defendant intends to rely on the defense of failure to mitigate damages.

**TWENTY-FIFTH DEFENSE**

28. Defendant intends to rely on the defense of statute of limitations and/or contractual limitation periods in the contracts and/or policy at issue.

**TWENTY-SIXTH DEFENSE**

29. Defendant intends to rely on the defense of a failure of a condition precedent.

**TWENTY-SEVENTH DEFENSE**

30. Defendant intends to rely on the parol evidence rule.

**TWENTY-EIGHTH DEFENSE**

31. Defendant intends to rely on the defense of statute of frauds.

**TWENTY-NINTH DEFENSE**

32. Defendant intends to rely on the defense of accord and satisfaction.

**THIRTIETH DEFENSE**

33. Plaintiffs' claims are barred because their damages and/or losses, if any, were proximately caused or contributed to by the acts and/or omissions of Plaintiffs and/or their agents, for whom Defendant had and have no legal responsibility.

**THIRTY-FIRST DEFENSE**

34. Plaintiffs' claim is barred or otherwise should be reduced by the doctrine of recoupment.

**THIRTY-SECOND DEFENSE**

35. Plaintiffs' claim is barred or otherwise should be reduced by Defendant's right off-set and setoff.

**THIRTY-THIRD DEFENSE**

36. Plaintiffs' damages and/or losses, if any, were the proximate result of acts or omissions of third parties and/or natural and unavoidable causes beyond the control of Defendant.

**THIRTY-FOURTH DEFENSE**

37. Plaintiffs' recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

## THIRTY-FIFTH DEFENSE

38. To the extent that they apply and exist, Defendant intends to rely upon any and all statutory, regulatory and/or common law privileges and immunities available to it as a defense against Plaintiffs' claims.

## THIRTY-SIXTH DEFENSE

39. Defendant intends to rely upon any other defenses, including but not limited to affirmative defenses, set forth in Rules 8(c), 9, 12(b) and 12(h) of the *Federal Rules of Civil Procedure*, or as provided by law or statute, which may apply, and which are not alleged in this Answer. Defendant also intends to seek leave to amend this Answer to allege such defenses of which it becomes aware during the course of discovery or trial.

WHEREFORE, DEFENDANT prays:

A. That Plaintiffs take nothing by their Complaint and that the Complaint be dismissed with prejudice;

B. That Defendant be awarded its costs and attorneys' fees incurred herein;

C. That Defendant be awarded judgment in its favor and against Plaintiffs; and

\\

\\

\\

D. That Defendant be awarded such other and further relief as the Court deems just.

DATED: Honolulu, Hawaiʻi, November 10, 2025.

YOSHIMOTO LAW GROUP
A Limited Liability Law Company

*/s/ Nathan H. Yoshimoto*
NATHAN H. YOSHIMOTO
WESLEY D. SHIMAZU
ALLAN S. CHING

Attorneys for Defendant
HYUNDAI MARINE & FIRE
INSURANCE CO., LTD. (U.S. BRANCH)