YOSHIMOTO LAW GROUP
A Limited Liability Law Company

NATHAN H. YOSHIMOTO #6352-0
nyoshimoto@hi-lawyers.com
WESLEY D. SHIMAZU #6119-0
wshimazu@hi-lawyers.com
ALLAN S. CHING #11693-0
aching@hi-lawyers.com
201 Merchant Street Suite 2440
Honolulu, Hawaiʻi 96813
Telephone: (808) 695-4500

Attorneys for Defendant/Counterclaimant
HYUNDAI MARINE & FIRE
INSURANCE CO., LTD. (U.S. BRANCH)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID ESCOBAR and LINDA ESCOBAR,<br><br>Plaintiffs/<br>Counterclaim Defendants,<br><br>vs.<br><br>HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH),<br><br>Defendant/<br>Counterclaimant. | Case 1:25-cv-00479-JAO-KJM<br><br>FIRST STIPULATION TO AMEND COMPLAINT TO DISMISS PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS WITH PREJUDICE; ORDER; EXHIBIT "1"<br><br>**Trial Date: April 5, 2027**<br>**Trial Judge: Hon. Jill A. Otake** |

**FIRST STIPULATION TO AMEND COMPLAINT TO DISMISS PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS WITH PREJUDICE; ORDER**

Pursuant to *Federal Rules of Civil Procedure* ("**FRCP**") Rule 15(a) and Local Rules 10.4 and 10.5 of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("**LR**") (amended Sept. 1, 2019), Plaintiffs/Counterclaim Defendants DAVID ESCOBAR and LINDA ESCOBAR ("**Plaintiffs**") and Defendant/Counterclaimant HYUNDAI MARINE & FIRE INSURANCE CO., LTD. (U.S. BRANCH) ("**Defendant**") (Plaintiffs and Defendant are collectively referred to herein as the "**Parties**"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, on or about July 22, 2025, Plaintiffs filed their Complaint ("**Complaint**") in the Circuit Court of the Second Circuit, State of Hawaiʻi (Civil No. 2CCV-25-0000297) [ECF 1-2];

WHEREAS, on or around November 10, 2025, Defendant filed its Notice of Removal from the Second Circuit Court to the United States District Court [ECF 1];

WHEREAS, on or around November 10, 2025, Defendant filed its Answer to Complaint and Counterclaim [ECF 2 and 2-1]; and

WHEREAS, in light of Plaintiff's claim of intentional infliction of emotional distress in Count III of the Complaint, Defendant has issued discovery requests

seeking discovery into Plaintiffs' medical records and condition and Plaintiffs' have not complied with Defendants' discovery requests seeking such information;

WHEREAS, Defendant's counsel has informed Plaintiffs' counsel that Defendant intends to file a Motion to Compel Discovery against Plaintiffs seeking to discovery of information regarding Plaintiffs' medical records and condition;

WHEREAS, Plaintiffs have discussed with their Counsel whether or not they desire to maintain the claim for intentional infliction of emotional distress in the Complaint and now desire to dismiss their emotional distress claim with prejudice;

WHEREAS, on September 24, 2026, the Parties emailed a Proposed Stipulation and Order Dismissing with Prejudice Count III of the Complaint to the Court;

WHEREAS, on September 28, 2026, the Court issued its EO regarding the Parties Proposed Stipulation and Order Dismissing with Prejudice Count III of the Complaint [ECF 40];

WHEREAS, in *Walker v. Arizona*, 158 F.4th 971 (9th Cir. 2025), the Ninth Circuit took a "functional approach when analyzing the effect of a plaintiff's attempt to dismiss individual claims," and construed a stipulated dismissal of a claim with prejudice as a "consensual amendment under Rule 15(a)(2)…." *Walker*, 158 F.4th at 982. The Ninth Circuit further noted that "[o]rdinarily, 'prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final

judgment,' but "construe[d] the parties' stipulation to dismiss … claims *with* prejudice as not only functionally amending the complaint to eliminate those claims, but also as a binding agreement that [plaintiff] cannot re-introduce those claims in a subsequent amendment." *Walker*, 158 F.4th at 982-83 fn. 20;

WHEREAS, pursuant to the Court's EO [ECF 40] and *Walker*, the Parties hereby submit this Stipulation and Order;

NOW, THEREFORE, the Parties hereby stipulate and agree that:

1. Plaintiffs' claim for emotional distress are hereby dismissed with prejudice and all Parties shall bear their own attorneys' fees and costs with respect to the dismissed claim. Plaintiffs shall not be allowed to re-introduce any emotional distress claims in a subsequent amendment.

2. After the filing of this Stipulation and Order, the following claims in the Complaint shall remain: Counts I and II of Plaintiffs' Complaint against Defendant [ECF 1-2].

3. Pursuant to LR 10.4, attached hereto as Exhibit "1" is Plaintiff's redlined proposed First Amended Complaint which removes Count III for Intentional Infliction of Emotional Distress;

4. Within seven (7) calendar days of the entry and filing of this Stipulation and Order by the Court, Plaintiffs shall file the proposed First Amended Complaint attached hereto as Exhibit "1" with redline formatting removed.

This Stipulation has been signed by counsel for all Parties appearing in this action.

DATED: Honolulu, Hawai‘i, October 23, 2026.

YOSHIMOTO LAW GROUP
A Limited Liability Law Company

*/s/ Nathan H. Yoshimoto*
NATHAN H. YOSHIMOTO
WESLEY D. SHIMAZU
ALLAN S. CHING
Attorneys for Defendant/Counterclaimant
HYUNDAI MARINE & FIRE
INSURANCE CO., LTD. (U.S. BRANCH)

*/s/ Lorenzo N. Lima*
LORENZO N. LIMA
CARLOS D. PEREZ-MESA, JR.
JASON KASAMOTO
Attorneys for Plaintiffs/
Counterclaim Defendants
DAVID ESCOBAR and LINDA ESCOBAR

APPROVED AND SO ORDERED:

DATED: Honolulu, Hawaii, October 27, 2026

Kenneth J. Mansfield
United States Magistrate Judge